**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRAECOMM, INC., d/b/a AMERICAN RADIO, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-54C (Judge Lettow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. Denies the allegations contained in the second and fourth sentences of paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth. The remainder of the allegations contained in paragraph 7 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

8. Denies the allegations contained in the second and fourth sentences of paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth. The remainder of the allegations contained in paragraph 8 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

9. Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Admits the allegation contained in the first sentence of paragraph 10. Denies the allegations contained in the second sentence of paragraph 10 based on the vagueness of the allegations and the resultant lack of knowledge or information sufficient to form a belief as to their truth.

11. The allegations contained in paragraph 11 are conclusions of law to which no response is required.

12. Denies the allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Admits.

14. Admits.

15. Admits.

16. Admits.

17. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Admits the first sentence of paragraph 18 to the extent that Contract 9027 identified the four cities of Ad Diwaniyah, An Najaf, Al Hillal and Karbala in the statement of work. Denies the allegations contained in the second sentence of paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Admits.

22. Admits the allegations contained in paragraph 22 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Denies. Defendant avers that it was unaware, and remains unaware, that PraeComm offered any of its pricing at a discount.

25. Denies the allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Denies the allegations contained in paragraph 26 because the terms “major” and “minor” cities are undefined and vague.

27. Denies the allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28. Denies the allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Denies. Defendant avers that it was unaware, and remains unaware, that PraeComm offered any of its pricing at a discount.

30. Denies the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Admits.

32. Admits the allegations contained in paragraph 32 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36. Denied the allegations contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37. Denies the allegations contained in paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth.

38. Denies the allegations contained in paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.

39. Denies the allegations contained in paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth.

40. Denies. Defendant avers that it was unaware, and remains unaware, that PraeComm offered any of its pricing at a discount.

41. The assertions contained in the first sentence of paragraph 41 are a characterization of plaintiff's performance of the contracts to which no answer is required. The second sentence of paragraph 41 is admitted to the extent that the AFRN contract did experience delay.

42. Admits. Defendant avers that the Statement of Work advised:

> Over the past year, the coalition has installed ARI analog radio systems in a number of cities in Iraq to support the Iraqi Police Service. These radio systems were originally designed to provide initial support for a force of 85,000 officers. The radios were to be replaced in June 2004 with the Advanced First Responders Network. That network has been delayed and descaled to the point where it will cover fewer cities and not be in place until June 2005.

43. Admits the allegations contained in paragraph 43 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 43.

44. Denies the allegations contained in paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth.

45. Denies the allegations contained in paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth.

46. Denies. Defendant avers that it was unaware from the terms of Modification 1 that PraeComm offered any of its pricing at a discount.

47. Admits.

48. Admits the allegations contained in paragraph 48 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 48.

49. Denies the allegations contained in paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that it was unaware, and remains unaware, that PraeComm offered any of its pricing at a discount.

50. Denies. Defendant avers that it was unaware, and remains unaware, that PraeComm offered any of its pricing at a discount.

51. Admits.

52. Admits.

53. Denies the allegations contained in paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth.

54. Denies the allegations contained in paragraph 54 for lack of knowledge or information sufficient to form a belief as to their truth.

55. Denies the allegations contained in paragraph 55 for lack of knowledge or information sufficient to form a belief as to their truth.

56. Denies the allegations contained in paragraph 56 for lack of knowledge or information sufficient to form a belief as to their truth.

57. Defendant's responses to paragraphs 1 through 56 are incorporated by reference.

58. Admits the allegations contained in paragraph 58 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 58.

59. Admits.

60. Admits.

61. The allegations contained in paragraph 61 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

62. Defendant's responses to paragraphs 1 through 61 are incorporated by reference.

63. Admits the allegation contained in paragraph 63 that PraeComm's FRN equipment was not installed in Ad Diwaniyah, An Najaf, Al Hillal and Karbala; he remainder of the allegations contained in paragraph 63 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

64. Admits.

65. The allegations contained in paragraph 65 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

66. The allegations contained in paragraph 66 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

67. The allegations contained in paragraph 67 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

68. The allegations contained in paragraph 68 constitute conclusions of law to which no answer is required.

69. Defendant's responses to paragraphs 1 through 68 are incorporated by reference.

70. The allegations contained in paragraph 70 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

71. Admits.

72. The allegations contained in paragraph 72 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

73. The allegations contained in paragraph 73 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

74. The allegations contained in paragraph 74 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

75. Denies that plaintiff is entitled to the relief set forth in paragraph 75, or to any relief whatsoever.

76. Defendant's responses to paragraphs 1 through 75 are incorporated by reference.

77. Denies the allegations contained in paragraph 77 for lack of knowledge or information sufficient to form a belief as to their truth.

78. Admits. Defendant avers that there was no formal modification to Contract 9001 with respect to the identification of cities where PraeComm's equipment was to be provided.

79. Admits.

80. Denies the allegations contained in paragraph 80 for lack of knowledge or information sufficient to form a belief as to their truth.

81. Denies the allegations contained in paragraph 81 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 81 also constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

82. The allegations contained in paragraph 82 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

83. The allegations contained in paragraph 83 constitute conclusions of law to which no answer is required.

84. Defendant’s responses to paragraphs 1 through 83 are incorporated by reference.

85. Admits.

86. Admits. Defendant avers that there was no formal modification to Contract 9027 with respect to the identification of cities where PraeComm’s equipment was to be provided.

87. Admits.

88. Denies the allegations contained in paragraph 88 for lack of knowledge or information sufficient to form a belief as to their truth.

89. The allegations contained in paragraph 89 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

90. The allegations contained in paragraph 90 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

91. The allegations contained in paragraph 91 constitute conclusions of law to which no answer is required.

92. Defendant's responses to paragraphs 1 through 91 are incorporated by reference.

93. Admits the allegations contained in paragraph 93 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 93.

94. Admits the allegations contained in paragraph 94 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 94.

95. Denies the allegations contained in paragraph 95 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that it was unaware, and remains unaware, that PraeComm offered any of its pricing at a discount.

96. Denies the allegations contained in paragraph 96 for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that it was unaware, and remains unaware, that PraeComm offered any of its pricing at a discount.

97. The allegations contained in paragraph 97 constitute conclusions of law to which no answer is required.

98. The allegations contained in paragraph 98 constitute conclusions of law to which no answer is required.

99. The allegations contained in the first sentence of paragraph 107 constitute conclusions of law to which no answer is required. Denies the allegations contained in the second sentence of paragraph 99. Defendant avers that it was unaware, and remains unaware, that PraeComm offered any of its pricing at a discount.

100. The allegations contained in paragraph 100 constitute conclusions of law to which no answer is required.

101. Defendant's responses to paragraphs 1 through 100 are incorporated by reference.

102. Denies the allegations contained in paragraph 102 for lack of knowledge or information sufficient to form a belief as to their truth.

103. Admits the allegations contained in paragraph 103 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 103.

104. Denies the allegations contained in paragraph 104 for lack of knowledge or information sufficient to form a belief as to their truth.

105. Admits the allegations contained in paragraph 105 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 105.

106. The allegations contained in paragraph 106 are denied for lack of knowledge or information sufficient to form a belief as to their truth. Defendant avers that it was unaware, and remains unaware, that PraeComm offered any of its pricing at a discount.

107. The allegations contained in paragraph 107 constitute conclusions of law to which no answer is required.

108. The allegations contained in paragraph 108 constitute conclusions of law to which no answer is required.

109. Denies.

110. The allegations contained in paragraph 110 constitute conclusions of law to which no answer is required.

111. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 110, or to any relief whatsoever.

112. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the complaint be dismissed, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin
BRIAM M. SIMKIN
Assistant Director

s/ Gregg M. Schwind
GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 353-2345

Attorneys for Respondent

OF COUNSEL:

CPT PATRICK E. BUTLER
Litigation Attorney
US Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, VA 22203

May 23, 2006