# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRAECOMM, INC d/b/a/ AMERICAN RADIO<br><br>6310 Riverdale Street<br>San Diego, Ca 92120<br><br>Plaintiff,<br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Civil Action No.06-54C<br>(Judge Lettow) |

**JOINT PRELIMINARY STATUS REPORT**

Plaintiff, PraeComm, Inc. d/b/a American Radio (hereinafter “PraeComm” or “American Radio”) and Defendant the United States of America (hereinafter the “Government”) referred to herein together as (“the Parties”), pursuant to the Court’s procedures at Appendix A, III through undersigned counsel file this Joint Preliminary Status Report.

(a) The Court has jurisdiction and venue over this action pursuant to 28 U.S.C. § 1491(a)(1) and 41 U.S.C. § 609(a)(1).

(b) No consolidation with any other case is necessary.

(c) Plaintiff states that trial of liability and damages should not be bifurcated. Defendant states that trial of liability and damages should be bifurcated

(d) Further proceedings should not be deferred pending consideration of another case before this Court or any other tribunal.

(e) No remand or suspension will be sought.

(f) No additional parties will be joined.

(g) PraeComm may file a motion pursuant to RCFC upon completion of discovery. The Government may file a motion pursuant to RCFC 56 upon the completion of document discovery.

(h) The relevant factual and legal issues are set forth in detail in PraeComm's January 23, 2006 Complaint.

Following is a summary of the issues. PraeComm submitted a certified claim to the Project and Contracting Office (herein "PCO") Contracting Officer on November 8, 2005, pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq., and requested a written final decision. No final decision was issued by the Government. PraeComm filed an action in this Court for breach of contract and breach of duty of good faith and fair dealing on January 23, 2006. PraeComm's claims are based upon Government representations, and written contracts with the United States, Army Corps. of Engineers, and the PCO in Iraq under which PraeComm agreed to supply First Responder Network ("FRN") equipment for use in contractually identified Iraq cities.

PraeComm complied with the terms of its contracts by supplying the PCO with FRN equipment for use in the contractually identified Iraq cities. Subsequently, the PCO stated that it was unilaterally changing the contractually identified Iraq cities in which PraeComm's FRN equipment would be installed. PraeComm's position is that these actions by the PCO constitute an anticipatory breach of PraeComm's contracts, a unilateral constructive change of

PraeComm's contracts, and a breach of the Government's duty of good faith and fair dealing of PraeComm's contracts. PraeComm seeks damages in excess of $16 million.

The Government admits that PraeComm contracted with the Government for equipment to be used in certain identified Iraq cities, and that the Government unilaterally changed the contractually specified cities as its needs within theater changed. It is the Government's position that the quantity of radios and related parts ordered by the Government was never changed, and the Government paid PraeComm the full, agreed-upon contract price. Moreover, it is the Government's position that the equipment may have been ordered off of a GSA schedule. Under these circumstances, it is the Government's position that the primary issue is whether there was any change to the contract entitling PraeComm to an equitable adjustment of its price, where the Government paid the full contract price and where the four corners of the contract did not reflect any discount or contingent pricing. The secondary issue is whether PraeComm has even alleged an anticipatory repudiation, where the Government never refused to perform, and in fact took delivery of and paid for all the equipment specified in the contract.

(i) Although Praecomm cannot assess the likelihood of settlement at this time, Praecomm would be amenable to resolving this dispute through alternative dispute resolution after certain document and deposition discovery is completed.

(j) The parties do not believe expedited trial scheduling will be feasible.

(k) No special issues regarding electronic case management needs.

(l) Other information – at this time the parties anticipate that the trial should be held in Washington, D.C.

**PROPOSED DISCOVERY PLAN**

| | | Completion Date |
|---|---|---|
| **1.** | **Submission of Document Requests** | **September 30, 2006** |
| **2.** | **Submission of Interrogatories** | **October 30, 2006** |
| **3.** | **Lay Depositions** | **November 17, 2006** |

**4.** **Expert Depositions – the parties do not anticipate the need for experts at this time.**

Counsel for Plaintiff, PraeComm and for the Defendant, Government have conferred and submit this Joint Preliminary Status Report.

Respectfully Submitted,

________________________________

s/Krista L. Pages
Joseph Summerill
Dykema Gossett PLLC
1300 I Street, N.W.
Suite 300 West
Washington, DC 20005
202-906-8717
kpages@dykema.com

Counsel for Plaintiff, PraeComm., Inc.

s/ Gregg M. Schwind
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L. Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
202-353-2345
Gregg.schwind@usdoj.gov

Attorney for Defendant, United States

June 20, 2006

DC01\106075.5
ID\KLP