**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| PRAECOMM, INC., d/b/a<br>AMERICAN RADIO,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 06-54C<br>(Judge Lettow) |

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated June 21, 2006, the parties provide the following information as to the status of discovery.

1. The parties have exchanged documents. However, plaintiff believes that United States' response is deficient in several respects. The United States disputes this and believes that the additional documents sought by Praecomm are irrelevant to its claim for damages. The parties have exchanged letters in an attempt to bridge the dispute.

2. Given the timing of the document productions, the parties have not conducted any depositions to date. The parties have also not served interrogatories.

3. In light of (1) and (2), above, the parties need additional time for discovery and request that the Court permit discovery to continue up to June 1, 2007, to allow the parties time to resolve the document dispute and obtain additional discovery.

4. The United States further requests that the Court set a briefing schedule for a motion for summary judgment. The parties agree that the radio equipment specified in the two

Praecomm contracts was manufactured and delivered by plaintiff; the parties also agree that the United States paid plaintiff the full price due under the contracts. The complaint alleges that the decision by the United States not to use the radio equipment in the Iraqi cities expressly contemplated in the Statement of Work resulted in a compensable change in the contracts, a breach of the contracts, and a breach of the Government's implied covenant of good faith and fair dealing.

The United States believes that there is no theory under which plaintiff can recover damages where the United States paid the full contract price and the change in cities resulted in no additional performance on the part of Praecomm. Once title to the radio equipment passed to the United States – as the parties agree it did upon acceptance – the United States was free to use the equipment how and where it saw fit in support of its mission to assist the Iraqi police forces. This renders the case ripe for summary judgment.

5. Plaintiff disagrees with defendant's position that there is no legal basis for plaintiff to recover damages on any of its legal theories. Plaintiff's claims are based upon Government representations and written contracts with the United States Army Corps of Engineers and the Project and Contracting Office ("PCO") in Iraq under which plaintiff agreed to supply First Responder Network ("FRN") equipment for installation in contractually identified Iraq cities. Plaintiff complied with the terms of its contracts by supplying the PCO with FRN equipment for installation in the contractually identified Iraq cities. Subsequently, the PCO stated that it was unilaterally changing the contractually identified Iraq cities in which Plaintiff's FRN equipment would be installed without explanation or justification. These actions by the PCO constitute an anticipatory breach of plaintiff's contracts, a unilateral constructive change of

plaintiff's contracts, and a breach of the Government's duty of good faith and fair dealing of plaintiff's contracts.

To determine whether the Government interfered with or destroyed Plaintiff's expectations regarding the fruits of its Contracts necessarily involves a factual inquiry into the Government's motives, conduct and decision making relating to the Network Radio Programs and its decision not to install Plaintiff's FRN equipment in the Iraqi cities identified in those contracts.

Prior to setting a briefing schedule for summary judgment, plaintiff requests that discovery be completed. As discussed in paragraphs (1) and (2) above, the parties have reached an impasse regarding document discovery. Plaintiff requires the requested documents and other discovery to support its own motion for summary judgment or to oppose defendant's summary judgment motion.

Defendant disagrees that additional discovery is necessary prior to the filing of its summary judgment motion and setting of a briefing schedule.

6. The parties request that the Court schedule a status conference to discuss the above issues.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Krista L. Pages
KRISTA L. PAGES
Dykema Gossett PLLC
1300 I Street, N.W.,
Suite 300 West
Washington, D.C. 20005
Tel: (202) 906-8600
Fax: (202) 906-8669
Attorney for Plaintiff

s/ Gregg M. Schwind
GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-2345
Fax: (202) 514-8624

Attorneys for Defendant

December 15, 2006